

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2010

# Michael Feaster v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Michael Feaster v. Fed Bur Prisons" (2010). *2010 Decisions.* Paper 1866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-072                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3750
_____

MICHAEL A. FEASTER,
                                        Appellant

v.

FEDERAL BUREAU OF PRISONS; DAVID CHILDRESS, Unit Manager;
FRANK STRADA; TROY WILLIAMSON, Warden; HENRY SADOWSKI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-08-cv-01593)
District Judge:  Honorable John E. Jones III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2009
Before: MCKEE, RENDELL and CHAGARES , Circuit Judges

(Opinion filed February 18, 2010 )
_____

OPINION
_____

PER CURIAM

   Michael Feaster, a federal prisoner proceeding pro se, appeals from the dismissal

of his lawsuit alleging violations of the Federal Tort Claims Act ("FTCA").  For

substantially the same reasons provided by the District Court, we will affirm.

In August 2008, Feaster filed a complaint alleging that items from his personal property were lost when he was transferred from USP-Lewisburg to USP-Tucson. After his administrative tort claim was denied, Feaster filed the instant lawsuit against the Federal Bureau of Prisons ("BOP"), various officials employed at USP-Lewisburg, and Henry Sadowski, the Northeast Regional Counsel for BOP (collectively, "Defendants"). Feaster alleged that defendants were liable under the FTCA for losing his property and sought damages totaling $5,657.40.

Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. In the motion, defendants treated Feaster's complaint as separate causes of action, one based on the FTCA and the other based on Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The District Court determined that it was clear from the face of Feaster's complaint that he had lodged a singular cause of action under the FTCA and denied defendants' motion on the Bivens theory as moot. With respect to Feaster's FTCA claim, the court found that such a claim be properly lodged only against the United States of America, and dismissed the individually named defendants to substitute the United States as the only proper party. Relying on 28 U.S.C. § 2680(c), the District Court found that Feaster cannot maintain an FTCA claim against the United States and dismissed the case in its entirety. Feaster timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

2

Our review is plenary. See Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir. 2007).

The only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees "under circumstances where . . . a private person . . . would be liable" under applicable state tort law. See 28 U.S.C. § 1346(b)(1). But the FTCA exempts from this waiver "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." § 2680(c). The United States Supreme Court recently held that claims against corrections officers who are accused of mishandling an inmate's property fall with the FTCA's exception to the United States' waiver of sovereign immunity. See Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 216, 227-28 (2008). Therefore, the District Court properly found that Feaster's claims are barred by the exception found in § 2680(c). See id.; see also Kosak v. United States, 465 U.S. 848, 854 (1984) (holding that phrase "any claim arising in respect of" the detention of goods means any claim "arising out of" the detention of goods, and includes a claim resulting from negligent handling or storage of detained property).

Accordingly, as the appeal presents no substantial question, we will summarily affirm and deny Appellant's motion for appointment of counsel as moot.

3